IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT L. BURCHETT, JR.,       *
                                            *
      v.                             *       Civil Case No. CCB-17-3663
                                            *
COMMISSIONER, SOCIAL SECURITY[1]   *
                                            *
                            *************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 13]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 20, 21]. Plaintiff Robert L. Burchett, Jr., who is appearing *pro se*, did not respond to the Social Security Administration's ("SSA's") Motion for Summary Judgment.[2] This Court must uphold the SSA's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Under that standard, I recommend that the Court grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Burchett filed his applications for Disability Insurance Benefits ("DIB") and Supplement Security Income ("SSI") on September 30, 2014, alleging a disability onset date of November 1, 2011. (Tr. 211-14, 215-23). His claims were denied initially and on

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] On July 31, 2018, this Court sent Mr. Burchett a Rule 12/56 letter, informing him that he had seventeen (17) days to respond to the SSA's Motion for Summary Judgment. [ECF No. 22].

reconsideration. (Tr. 66-77, 78-89, 92-107, 108-23, 131-34). A hearing, at which Mr. Burchett was represented by counsel, was held on January 25, 2017. (Tr. 34-65). After the hearing, the Administrative Law Judge ("ALJ") issued an opinion denying benefits. (Tr. 15-28). The Appeals Council ("AC") denied review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the Agency.

The ALJ found that, during the relevant time frame, Mr. Burchett suffered from the severe impairments of "degenerative joint disease of the right shoulder, degenerative disc disease, major depressive disorder, generalized anxiety disorder, and polysubstance abuse." (Tr. 17). Despite these impairments, the ALJ determined that Mr. Burchett retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and walk for six out of eight hours; and sit for six out of eight hours. The claimant can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders. The claimant can occasionally reach overhead. He requires the option to stand for thirty minutes and then sit for five minutes as needed throughout the day. He cannot have concentrated exposure to hazards. The claimant is limited to simple, routine tasks that are not fast paced and that do not have strict production demands. He claimant [sic] cannot perform teamwork. The claimant is limited to occasional contact with supervisors and coworkers, but cannot have any contact with the general public. He is also limited to low stress work, which is defined as occasional decisionmaking and occasional changes in work setting.

(Tr. 20). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Mr. Burchett could perform. (Tr. 27-28). Therefore, the ALJ concluded that Mr. Burchett was not disabled. (Tr. 28).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review

of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Burchett's favor at step one and determined that he had not engaged in substantial gainful activity since his alleged onset date. (Tr. 17); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Burchett claimed prevented him from working. *See* 20 C.F.R. § 416.920(a)(4)(ii). After finding several of Mr. Burchett's impairments to be severe, (Tr. 17-18), the ALJ continued with the sequential evaluation and considered, in assessing Mr. Burchett's RFC, the extent to which all of his impairments limited his ability to work.

At step three, the ALJ determined that Mr. Burchett's severe impairments did not meet, or medically equal, the criteria of any listings. (Tr. 18-20). In particular, the ALJ considered the specific requirements of Listing 1.02 ("Major dysfunction of a joint(s)"), Listing 1.04 ("Disorders of the spine"), and Listings 12.00 *et seq.* ("Mental Disorders"). *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 1.02, 1.04, 12.00-12.15. Regarding Listing 1.02, the ALJ found that "[t]he objective medical evidence does not show the claimant is unable to perform fine and gross movements effectively." (Tr. 18); *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.00(B)(2)(c) ("Inability to perform fine and gross movements effectively means an extreme loss of function of both upper extremities . . . ."). The ALJ further noted that, "although the claimant has some tenderness and limited range of motion in his right shoulder, he has full motion in his left

shoulder, normal grip bilaterally, and full use of both hands." *Id.* (citing Tr. 490-93). In doing so, the ALJ cited to the opinion of consultative examiner, Dr. Lawrence Honick, who found "a full range of motion of all joints with good strength and no instability[,] . . . [and] no sensory deficits in the hands." (Tr. 491). Regarding Listing 1.04, the ALJ found that the evidence "does not show motor loss accompanied by sensory or reflex loss with positive sitting and supine straight-leg raise tests" during a 12-month period. (Tr. 18). Additionally, the ALJ observed that the evidence "does not contain a diagnosis or spinal arachnoiditis confirmed by biopsy or medically acceptable imaging, . . . [or] lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and an inability to ambulate effectively . . . ." *Id.*

Turning to the mental health listings, the ALJ concluded that Mr. Burchett had "mild" limitation in understanding, remembering or applying information; "moderate" limitation in social functioning; "moderate" limitation in concentration, persistence, or pace; and "mild" limitation in adapting and managing himself. (Tr. 18-19). The ALJ supported these conclusions with citations to the evidence, including Mr. Burchett's statements, treatment records, and examination reports. *Id.* Under the mental health listings, a claimant must show at least two areas of marked difficulty, or repeated episodes of decompensation, to meet the listing criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 §§ 12.00-12.15. Accordingly, the ALJ did not err in her conclusion that the listings were not met.

In considering Mr. Burchett's RFC, the ALJ summarized Mr. Burchett's allegations about his inability to work. (Tr. 21). The ALJ then engaged in a detailed review of the evidence of record, including treatment notes, examination records, and Mr. Burchett's own statements. (Tr. 21-26). Regarding Mr. Burchett's degenerative disc disease and right shoulder impairment,

4

the ALJ noted that Mr. Burchett's "infrequent treatment was only routine and conservative," his objective examination resulted in "relatively normal findings," and Mr. Burchett's daily living activities included "doing yard work and cleaning for cash." (Tr. 21). Accordingly, the ALJ accounted for Mr. Burchett's impairments with a limitation to "the reduced range of light work set forth above, including only occasionally reaching overhead and the option to change positions between sitting and standing as set forth above." *Id.*

Turning to the mental impairments, the ALJ again summarized Mr. Burchett's medical records, including Mr. Burchett's "improvement and stabilization with treatment, as well as his apparent ability to work on at least a part-time basis since his alleged onset date." (Tr. 23-24). The ALJ, for example, observed that Mr. Burchett's treating psychiatrist "noted that the claimant reported his medications were helping, his depression was getting better and his anxiety was decreased," (Tr. 23), and that he was "'doing well' and did not feel depressed or anxious as long as he was taking his medications," (Tr. 24).

The ALJ also evaluated the opinion evidence pertaining to Mr. Burchett's medical impairments. The ALJ assigned "great" weight to the opinions of the State agency medical consultants, Drs. M. Ahn and S.K. Najar, and adopted the exertional limitations set forth in Dr. Ahn's opinion. (Tr. 25). Additionally, the ALJ assigned "partial" weight to the opinions of the consultative examiner, Dr. Honick, after noting that his recommended limitations of sedentary work and no "bending, stooping, or lifting" were "inconsistent with the claimant's own reports . . . that he could lift forty pounds" and "not supported by his objective examination which found only slight tenderness to palpation and decreased range of motion in the lower back and right shoulder, but was otherwise normal." *Id.* (citation omitted). The ALJ also gave "great" weight to the opinions of State agency psychological consultants, Drs. E. Lessans and Tracey

5

Morse, who opined that Mr. Burchett could "understand, retain, and carry out simple instructions on a sustained basis with normal functioning, and could perform simple tasks and transactions and relate with co-workers and the public on a limited basis." *Id.* (citations omitted). The ALJ then afforded "little" weight to the opinion of treating psychiatrist, Dr. Irfan Saeed, after finding that Dr. Saeed's recommendations were "inconsistent with the objective evidence in the record, including Dr. Saeed's own treatment records . . . [and] the claimant's work activity that is noted throughout the record." *Id.* Finally, the ALJ assigned "limited" weight to Mr. Burchett's Global Assessment of Functioning ("GAF") scores ranging from 33 to 75, and noted that the GAF scores "improved consistently with treatment to represent only mild-to-moderate symptoms, which [he] find[s] is consistent with the treatment records . . . showing the claimant's improvement and stabilization with medication and treatment." (Tr. 26).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390-404 (1971). Even if there is other evidence that may support Mr. Burchett's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find the ALJ's RFC determination was supported by substantial evidence.

Next, the ALJ found that Mr. Burchett was unable to perform his past relevant work as a bar porter, kitchen helper, or order picker. (Tr. 26). Accordingly, the ALJ proceeded to step five, where she considered the impact of Mr. Burchett's age, level of education, and RFC on his ability to adjust to new work. (Tr. 27). In doing so, the ALJ cited to the VE's testimony that a person with Mr. Burchett's RFC would be capable of performing the jobs of laundry folder,

6

inspector, and cleaner and polisher. (Tr. 27-28). After finding that the VE's testimony was "well-supported, uncontradicted, and consistent with the Dictionary of Occupational Titles," the ALJ found that Mr. Burchett was capable of performing jobs existing in significant numbers in the national economy. *Id.* Accordingly, the ALJ's reliance on the VE's testimony constitutes substantial evidence supporting her conclusion.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, (ECF No. 21); DENY Plaintiff's Motion for Summary Judgment, (ECF No. 20); AFFIRM the decision of the SSA, pursuant to sentence four of 42 U.S.C. § 405(g); and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August 30, 2018                                /s/
                                                     Stephanie A. Gallagher
                                                     United States Magistrate Judge

7